UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 25-24568 |
| BANCO MASTER, S.A., BANCO LETSBANK, S.A., BANCO MASTER DE INVESTIMENTO, S.A., and MASTER S/A CORRETORA DE CÂMBIO, TÍTULOS E VALORES MOBILIÁRIOS, | Chapter 15 |
| Debtors in a Foreign Proceeding. _____/ | |

**MOTION FOR ORDER GRANTING RECOGNITION OF
FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 1515 AND 1517
OF THE BANKRUPTCY CODE AND RELATED RELIEF**

EFB Regimes Especiais de Empresas, Ltda., represented by Eduardo Felix Bianchini, as the extrajudicial liquidator (the "Foreign Representative" or the "Liquidator") of Banco Master, S.A., Banco LetsBank, S.A., Banco Master de Investimentos, S.A., and Master S/A Corretora de Câmbio, Títulos e Valores Mobiliários (collectively, the "Debtors"), who are subject to the extrajudicial liquidation proceeding pending before the Central Bank of Brazil under proceeding number PE 258696 (the "Brazilian Liquidation Proceeding"), hereby files this *Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code and Related Relief* (the "Motion") seeking entry of an Order granting (i) recognition, pursuant to 11 U.S.C. § 1517,[1] of the Debtors' Brazilian Liquidation Proceeding; (ii) related relief pursuant to sections 1520 and 1521 of the Bankruptcy Code; and (iii) any additional relief that may be available under the Bankruptcy Code. The Foreign Representative further requests a hearing on the initial petition (ECF No. 1) (the "Petition") and this Motion no

---

[1] Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

earlier than twenty-one days after the date the Court issues its notice of hearing, but in any event "at the earliest possible time" thereafter. *See* Fed. R. Bankr. P. 2002(q); § 1517(c).

## PRELIMINARY STATEMENT

1. The Foreign Representative files the Petition and this Motion pursuant to section 1504 of the Bankruptcy Code, seeking recognition of the Brazilian Liquidation Proceeding as a "foreign main proceeding" as defined in section 1502(4).

2. The Petition and this Motion are supported by the Declaration under penalty of perjury of Eduardo Felix Bianchini (the "Declaration"), attached as **Exhibit "1"** hereto. The Declaration itself contains several exhibits referred to and incorporated herein. The Declaration also provides a summary of the Brazilian Liquidation Proceeding. *See* Ex. 1.

3. A true and correct copy of the Central Bank of Brazil's ("Central Bank") Ato do Presidente No. 1.369, which ordered the extrajudicial liquidation of Banco Master, S.A. ("Banco Master") and appointed the Foreign Representative as the extrajudicial liquidator in the Brazilian Liquidation Proceeding, along with its English translation is attached to the Declaration as **Exhibit "A"**.

4. True and correct copies of the Central Bank's Ato do Presidente Nos. 1.371, 1.372, and 1.373, which extended Banco Master's extrajudicial liquidation to Banco Master de Investimentos, S.A., Banco LetsBank, S.A., and Master S/A Corretora de Cambio, Títulos e Valores Mobiliários, respectively, and continued the appointment of the Foreign Representative as the extrajudicial liquidator of those entities, along with their respective English translations are attached to the Declaration as **Composite Exhibit "B"**.

5. The Debtors' collective extrajudicial liquidation proceeding is pending before the Central Bank of Brazil. *See* Ex. 1.

6. As required by Federal Rule of Bankruptcy Procedure 1007(a)(4), the Statement of Corporate Ownership, in conformity with Rule of Bankruptcy Procedure 7007.1 is being filed concurrently herewith.

7. The Petition, this Motion, and the Declaration demonstrate that the Debtors' extrajudicial liquidation should be recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

8. The Foreign Representative seeks the type of relief that Chapter 15 was designed to provide, and the Debtors' extrajudicial liquidation, the Petition, and this Motion meet all the requirements for recognition and the requested relief.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

10. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

11. Brazil is each of the Debtors' center of main interests.

12. Venue is proper in this judicial district under 28 U.S.C. § 1410. The Liquidator has retained Sequor Law, P.A. ("Sequor Law") in this District, and Sequor Law holds in its trust account in this District US$1,500 on behalf of and for the benefit of each of the Debtors, to which funds Sequor Law has no rights of setoff, charging lien, or similar right. *See* Ex. 1.

## BACKGROUND AND BASIS FOR RECOGNITION

13. The Declaration sets forth in detail the background and basis for recognition, and it is incorporated by reference as if fully set forth here. *See* Ex. 1.

14. The Foreign Representative has satisfied each of the requirements for recognition of the Brazilian Liquidation Proceeding under Chapter 15 of the Bankruptcy Code, as follows:

a. The Liquidator qualifies as a "foreign representative" as defined in 11 U.S.C. § 101(24) because it is a person authorized in the Brazilian Liquidation Proceeding to administer the liquidation of the Debtors' assets and affairs and to act as a representative of the Brazilian Liquidation Proceeding. *See* Ex. 1, at Ex. A. & B.

b. The Brazilian Liquidation Proceeding is a "foreign proceeding" as defined in 11 U.S.C. §§ 101(23) because (i) it is a proceeding; (ii) that is administrative; (iii) is a collective in nature as it is intended to administer the claims of the creditors, adjudicate such claims, and ultimately distribute any realizations to the creditors subject to applicable priority scheme; (iv) it is in Brazil; (v) is being conducted under Brazil's Law nº 6.024, of March 13, 1974 (the "Brazilian Extrajudicial Liquidation Law") which relates to the extrajudicial liquidation of financial institutions; (vi) the Liquidator's actions and the Central Bank's acts are subject to judicial review; and (vii) the Brazilian Extrajudicial Liquidation Law is for the purpose of liquidation. *See* Ex. 1.

c. The Brazilian Liquidation Proceeding is a "foreign main proceeding" under 11 U.S.C. § 1502(4) because (i) the Debtors' registered offices are in Brazil and as such their center of main interests is presumed to be Brazil, *see* 11 U.S.C. § 1516(a); (ii) the Debtors are Brazilian banks that operated in Brazil; and (iii) the liquidation activities with respect to the Debtors' Brazilian Liquidation Proceeding have been conducted in Brazil.

d. The requirements under 11 U.S.C. § 1515(b) are satisfied as this Motion is accompanied by Ato do Presidente No. 1.369, which confirms (i) that the Central Bank ordered the extrajudicial liquidation of Banco Master and (ii) the appointment

    of the Foreign Representative as extrajudicial liquidator of Banco Master. *See* Ex. 1-A. The Motion is also accompanied by Ato do Presidente Nos. 1371, 1372, and 1373, which confirm (i) that the Central Bank extended Banco Master's extrajudicial liquidation to its affiliates, Banco Master de Investimentos, S.A., Banco LetsBank, S.A., and Master S/A Corretora de Cambio, Títulos e Valores Mobiliários, respectively, and (ii) extended the Foreign Representative's appointment as the extrajudicial liquidator of those entities. *See* Ex. 1-B.

e. The Declaration provides that there are no known foreign proceedings, persons, or entities that must be identified under 11 U.S.C. § 1515 and Federal Rule of Bankruptcy Procedure 1007. *See* Ex. 1.

f. Finally, the Foreign Representative submits that section 109(a) of the Bankruptcy Code does not apply herein. *See In re Al Zawawi*, 97 F.4th 1244 (11th Cir. 2024). Notwithstanding, the Foreign Representative, on behalf of the Debtors, has retained Sequor Law, P.A. ("Sequor Law") in this District, and Sequor Law holds in its trust account in this District US$1,500 on behalf of and for the benefit of each of the Debtors, to which funds Sequor Law has no rights of setoff, charging lien, or similar right.

## RELIEF REQUESTED

15. The Foreign Representative seeks an Order pursuant to sections 105(a), 1507, 1517, 1520, and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order attached as **Exhibit "2"** hereto, granting the following relief:

a. Recognizing the Brazilian Liquidation Proceeding as a foreign main proceeding and the Foreign Representative as the duly authorized foreign representative of the Debtors;

b. Granting the relief allowable as of right upon recognition of a foreign main proceeding under section 1520 of the Bankruptcy Code;

c. Granting all necessary and appropriate relief under section 1521 of the Bankruptcy Code, including the following:

   i. Staying the commencement or continuation of any action or proceeding filed without the Foreign Representative's consent concerning rights, obligations, or liabilities of the Debtors to the extent not stayed under section 1520(a);

   ii. Staying execution against the Debtors to the extent not stayed under section 1520(a);

   iii. Suspending the right to transfer or otherwise dispose of any assets of the Debtors to the extent this right has not been suspended under section 1520(a);

   iv. Providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations, or liabilities of the Debtors or of their estates under section 1521(a)(4), the Federal Rules of Bankruptcy Procedure including Rule 2004, and Local Rule 2004-1;

   v. Entrusting the administration or realization of all the Debtors' assets within the territorial jurisdiction of the United States to the Foreign Representative

and finding that the interests of the Debtors' creditors are sufficiently protected thereby;

vi. Entrusting the distribution of all or part of the assets of the Debtors located within the United States to the Foreign Representative and finding that the interests of the creditors of the Debtors are sufficiently protected thereby;

vii. Requiring that other than a counterclaim to a suit brought by the Foreign Representative, no person or entity may commence suit against the Foreign Representative in any court in the United States, including this Court, without first obtaining leave of this Court;

viii. Granting the Foreign Representative such other and further relief as the Court may deem just and proper.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that this Court enter an Order substantially in the form of the Proposed Order attached as **Exhibit "2"** hereto and grant such other relief as may be just and proper.

Dated: December 10, 2025       Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
edavis@sequorlaw.com
fmenendez@sequorlaw.com
jmendoza@sequorlaw.com
mhanlon@sequorlaw.com
Telephone:    (305) 372-8282
Facsimile:    (305) 372-8202

By:  /s/ *Fernando J. Menendez*
       Edward H. Davis
       Florida Bar No.: 704539
       Fernando J. Menendez

                                        Florida Bar No.: 18167
                                      Juan J. Mendoza
                                      Florida Bar No.: 113587
                                      Michael D. Hanlon
                                      Florida Bar No.: 1068478