*EXHIBIT 2*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 25-24568 |
| BANCO MASTER, S.A., BANCO LETSBANK, S.A., BANCO MASTER DE INVESTIMENTO, S.A., and MASTER S/A CORRETORA DE CÂMBIO, TÍTULOS E VALORES MOBILIÁRIOS, | Chapter 15 |
| Debtors in a Foreign Proceeding. _____/ | |

**ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING**
**PURSUANT TO 11 U.S.C. §§ 1515 AND 1517**
**AND GRANTING RELATED RELIEF**

This matter came on for hearing on _____ 2025 at _____ (the "Hearing"), upon the Motion for Order of Recognition of Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1515 and 1517 and Request for Hearing [ECF No. 2] (the "Motion") filed by EFB Regimes Especiais de Empresas, Ltda., represented by Eduardo Felix Bianchini, as the extrajudicial liquidator (the "Foreign Representative" or "Liquidator") of Banco Master, S.A., Banco LetsBank, S.A., Banco Master de Investimento, S.A., and Master S/A Corretora de Câmbio, Títulos e Valores Mobiliários

1

(collectively, the "Debtors"), seeking recognition of the Debtors' liquidation pending in Brazil and related relief under Chapter 15 of the Bankruptcy Code. The Court, having considered the Motion, the Declaration of the Liquidator attached to the Motion and its attachments, and the Petition ("Petition") [ECF No. 1], argument of counsel at the Hearing, and being otherwise duly informed, makes the following order.

The Court finds:

A. Due and timely notice of the filing of the Chapter 15 Petition, the Motion, and the Hearing was given by the Liquidator as directed by this Court.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

E. The Liquidator qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24).

F. This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515, and 1517.

G. The Liquidator has met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H. The Brazilian Liquidation Proceeding is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

I. The Brazilian Liquidation Proceeding is entitled to recognition by this Court under 11 U.S.C. § 1517.

J. The Brazilian Liquidation Proceeding is pending in Brazil. Each of the Debtors has its center of main interests in Brazil, and, accordingly, the Brazilian Liquidation Proceeding is a foreign main proceeding, under 11 U.S.C. § 1502(4) entitled to recognition as a foreign main proceeding under

11 U.S.C. § 1517(b)(1).

  K. The Liquidator is entitled to all relief provided under 11 U.S.C. § 1520.

  L. The Liquidator is further entitled to the relief expressly set forth in 11 U.S.C. § 1521(a)(1)–(5).

  M. The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtors or other parties that is not outweighed by the benefits of the relief being granted.

  N. The interests of the Debtors, their creditors, interested entities, and the Debtors' estates are sufficiently protected by the rights and obligations under the Federal Rules of Bankruptcy Procedure and/or the Federal Rules of Civil Procedure governing the taking of discovery.

  Accordingly, it is ORDERED AND ADJUDGED that:

  1. The Brazilian Liquidation Proceeding is granted recognition as a "foreign main proceeding" and the Liquidator is recognized as the duly authorized foreign representative of the Debtors under 11 U.S.C. § 1517.

  2. The Brazilian Liquidation Proceeding shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.

  3. The Liquidator shall have the authority to act independently to carry out any of the duties and powers granted by this Order.

  4. The provisions of 11 U.S.C. § 1520(a) apply to this proceeding, including without limitation, the application of the automatic stay of 11 U.S.C. § 362 with respect to the Debtors and the property of the Debtors that is within the territorial jurisdiction of the United States.

  5. Under 11 U.S.C. § 1521(a)(1), all persons and entities are stayed from commencing

or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of any of the Debtors located in the United States.

6. Under 11 U.S.C. § 1521(a)(2), all persons and entities are stayed from executing against the assets of the Debtors located in the United States.

7. Under 11 U.S.C. § 1521(a)(3), all persons and entities are prohibited from transferring, encumbering or otherwise disposing of any of the Debtors' assets located in the United States.

8. Under 11 U.S.C. § 1521(a)(7), all persons and entities provided notice of this Order who are in possession, custody or control of property, or the proceeds thereof, of the Debtors, located within the territorial jurisdiction of the United States, shall immediately advise the Liquidator by written notice sent to the following addresses:

> EFB Regime Especiais de Empresas, Ltda.
> Attn: Eduardo Felix Bianchini
> Largo da Misericórdia, 23 - Centro Histórico de São Paulo,
> São Paulo - SP, 01012-020, Brazil
>
> With a copy to:
>
> Sequor Law, P.A.
> Attn: Fernando J. Menendez,
> Edward H. Davis, Juan J.
> Mendoza, and Michael D.
> Hanlon
> 1111 Brickell Ave., Suite 1250
> Miami, Florida 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such person or entity. The Liquidator shall file with the Court, from time to time, information demonstrating those persons or entities to whom

it has provided notice of this Order.

9. The Liquidator is authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtors pursuant to 11 U.S.C. §1521(a)(4), the Federal Rules of Bankruptcy Procedure, including without limitation the procedure of Rule 2004 and Local Rule 2004-1, without further order of this Court.

10. Under 11 U.S.C. § 1521(a)(5), the Liquidator is entrusted with the full administration and realization of all or a part of the Debtors' assets within the territorial jurisdiction of the United States.

11. Other than a counterclaim to a suit brought by the Liquidator, no person or entity may commence suit against the Liquidator in any court in the United States, including this Court, without first obtaining leave of this Court.

12. Under 11 U.S.C. § 1520(a)(3), unless the Court orders otherwise, the Liquidator is further authorized to operate and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

13. Notwithstanding any provision in the Bankruptcy rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry within the meaning of 28 U.S.C. §158(a); (ii) the Liquidator is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) the Liquidator is authorized and empowered to, and may in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

14. No action taken by the Liquidator or its successors, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the Brazilian Liquidation Proceeding or any order entered in or in respect of this Chapter 15

case (including any adversary proceedings or contested matters) will be deemed to constitute a waiver of immunity afforded to the Liquidator, including pursuant to 11 U.S.C. §§ 306 and 1510.

15. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

16. This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtors within the territorial jurisdiction of the United States.

# # #

Submitted by:
Fernando J. Menendez
SEQUOR LAW, P.A.
1111 Brickell Ave., Ste. 1250
Miami, Florida 33131
fmenendez@sequorlaw.com
Telephone: (305) 372-8282
Facsimile: (305) 372-8202

*(Attorney Fernando J. Menendez shall serve a conformed copy of the foregoing order upon all interested parties and file a Certificate of Service with this Court)*