**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re: | Case No.: 25-24568-SMG

BANCO MASTER, S.A., BANCO LETSBANK, S.A., BANCO MASTER DE INVESTIMENTO, S.A., and MASTER S/A CORRETORA DE CÂMBIO, TÍTULOS E VALORES MOBILIÁRIOS,

Chapter 15

Debtors in a Foreign Proceeding.

_____________________________________/

**DANIEL VORCARO'S OBJECTIONS TO THE LIQUIDATOR'S MOTION FOR ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 1515 AND 1517 OF THE BANKRUPTCY CODE AND RELATED RELIEF**

Daniel Vorcaro, by and through undersigned counsel, hereby submits these objections (the "Objections") to the Chapter 15 Petition for Recognition of a Foreign Proceeding (DE 1) and the Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1515 and 1517 of the Bankruptcy Code and Related Relief (DE 2) (collectively, the "Petition") filed by the liquidator[1] of the debtors in the above-captioned case (the "Liquidator"). As set out in the exhibits attached to the Petition, Mr. Vorcaro is a controlling shareholder and former administrator for the debtors in this Chapter 15 case: Banco Master, S.A. ("Banco Master") (DE 2-1 at 26), Banco LetsBank, S.A. (*id.* at 34), Banco Master de Investimento, S.A. (*id.* at 30), and Master S/A Corretora de Câmbio, Títulos e Valores Mobiliários (*id.* at 38) (the "Debtors").

[1] EFB Regimes Especiais de Empresas, Ltda., represented by Eduardo Felix Bianchini, as the extrajudicial liquidator of the debtors, seeks recognition under 11 U.S.C. § 1517, and related relief under 11 U.S.C. §§ 1520 & 1521. (*See* DE 2 at 1.)

**INTRODUCTION**

The Liquidator seeks Chapter 15 recognition and discretionary powers under Section 1521, despite [redacted] As set out in greater detail below, [redacted]

[redacted], the existence of the proceedings has been publicly reported.[2] Yet, the Liquidator opposed Mr. Vorcaro's reasonable request for additional time to prepare his Objections and insisted on moving forward with the recognition hearing on January 7, 2026. (*See* DE 10 ¶ 13.) Proceeding with haste is inadvisable here, where [redacted]

---

[2] *See, e.g.*, Martha Viotti Beck, *Brazil's Central Bank Faces Court Scrutiny Over Bank Liquidation*, Bloomberg (Dec. 26, 2025), https://www.bloomberg.com/news/articles/2025-12-26/brazil-s-central-bank-faces-court-scrutiny-over-bank-liquidation?embedded-checkout=true (last accessed Jan. 4, 2026).

[redacted] In other words, this ancillary proceeding should not get ahead of the proceedings in Brazil. For these reasons, the Court should deny the Petition, or in the alternative, continue the hearing on recognition pending [redacted]

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I. Banco Master

Banco Master began operations in 1974 under the name Banco Máxima. (DE 2-1, ¶ 5.) After regulatory scrutiny led to the ouster of Banco Máxima's former controllers, Daniel Vorcaro took over the bank and rebranded it as Banco Master. (*Id.* ¶¶ 6–7.) As the President of Banco Master, Mr. Vorcaro pursued innovative strategies to reach more of the individuals and families in Brazil who had been traditionally excluded from banking.

Banco Master's overall business strategy was based on the then-existing regulatory regime in Brazil, which provided robust deposit insurance for retail investors up to a certain amount. Through its innovative products, Banco Master attracted billions of reais from retail investors through investment platforms. [redacted]

[redacted]

[redacted]

[redacted]

[redacted] As reported by the press, "the proposed deal for Vorcaro's stake in [Banco] Master, which included an immediate injection of 3 billion reais but required approval from the central bank and antitrust regulator CADE, had now been suspended."[3]

[redacted]

[redacted]

[redacted]

---

[3] *See* Marcela Ayres & Ricardo Brito, *Brazil central bank shuts Banco Master as police detain top investor*, Reuters (Nov. 18, 2025), https://www.reuters.com/business/brazils-central-bank-orders-extrajudicial-liquidation-banco-master-2025-11-18/ (last accessed Jan. 5, 2026).

[redacted]

[redacted]

[redacted]

[redacted]

---

[redacted]

[redacted]

### III. The Liquidator's Requested Relief

The Liquidator seeks recognition under 11 U.S.C. § 1517 and related relief under 11 U.S.C. §§ 1520 & 1521. As to discretionary relief, the Liquidator requests (among other powers) an order (1) providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations, and liabilities of the Debtors or of their estates; (2) entrusting the administration or realization of all the Debtors' assets within the territorial jurisdiction of the United States to the Liquidator and finding that the interests of the Debtors' creditors are sufficiently protected thereby; and (3) entrusting the distribution of all or part of the assets of the Debtors located within the United States to the Liquidator and finding that the interests of the creditors of the Debtors are sufficiently protected thereby. (DE 2 at 6–7.) Despite not yet having published a list of creditors in Brazil (Vieira Decl. ¶ 7), the Liquidator is seeking these extensive powers in the United States.

**LEGAL STANDARD**

The purpose of Chapter 15 is "to provide effective mechanisms for dealing with cases of cross-border insolvency with the objectives of . . . cooperation between . . . courts of the United States . . . and the courts and other competent authorities of foreign countries involved in cross-border insolvency cases." 11 U.S.C. § 1501(a)(1). Additionally, Chapter 15 is intended to facilitate the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor," and the "protection and maximization of the value of the debtor's assets." 11 U.S.C. § 1501(a)(3) & (a)(4). To recognize a foreign proceeding under Chapter 15, a bankruptcy court must find that: (1) the foreign proceeding qualifies as either a foreign main proceeding or nonmain proceeding within the meaning of Section 1502; (2) the petitioner is a foreign representative within the meaning of Section 101(24); and (3) the petition meets the requirements of Section 1515. 11 U.S.C. § 1517(a).

Even where the requirements of Section 1517 are met, a bankruptcy court may deny recognition where the requested relief contravenes U.S. public policy. *See* 11 U.S.C. § 1506. More specifically, nothing in Chapter 15 "prevents the court from refusing to take an action governed by [Chapter 15] if the action would be manifestly contrary to the public policy of the United States." 11 U.S.C. § 1506. In analyzing the applicability of Section 1506, courts have focused, in part, on "whether the foreign proceeding was procedurally unfair." *In re Qimonda AG Bankr. Litig.*, 433 B.R. 547, 568 (E.D. Va. 2010).

A petition for recognition must be "accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative." 11 U.S.C. § 1515(c). "From the time of filing the petition for recognition of a foreign proceeding," the foreign representative is also required to promptly notify the Court of "(1) any substantial change in the

status of such foreign proceeding or the status of the foreign representative's appointment; and (2) any other foreign proceeding regarding the debtor that becomes known to the foreign representative." 11 U.S.C. § 1518(1); *see In re Cozumel Caribe, S.A. de C.V.*, 508 B.R. 330, 338 (Bankr. S.D.N.Y. 2014) (under Section 1518, ordering Foreign Representative to keep the court informed of any developments involving not only the foreign debtor, but also guarantors and nondebtor affiliates, to the extent the developments affected the rights of the debtor's creditors).

## LEGAL ARGUMENT

### I. Recognition would be premature and inconsistent with the purpose and objectives of Chapter 15.

"Central to Chapter 15 is comity." *In re Brit. Am. Ins. Co. Ltd.*, 488 B.R. 205, 239 (Bankr. S.D. Fla. 2013) (citation omitted). As stated by the Eleventh Circuit, "comity is 'the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws.'" *In re Neves*, 783 F. App'x 995, 996 (11th Cir. 2019) (per curiam) (unpublished) (quoting *Hilton v. Guyot*, 159 U.S. 113, 164 (1895)).

Banco Master's Liquidation is a contested matter in Brazil. While liquidation may be inevitable in some cases, the record is far from clear that liquidation is inevitable for Banco Master. [redacted] Recognition at this time, [redacted] would be inconsistent with the purpose and objectives of Chapter 15.



granting recognition of the Liquidation Decree would also be premature. *See, e.g.*, *In re Agrokor d.d.*, 591 B.R. 163, 192 (Bankr. S.D.N.Y. 2018) (holding that bankruptcy court, in the exercise of comity, would recognize and enforce restructuring plan reached in Croatian proceeding with respect to foreign debtors within the territorial jurisdiction of the United States, *if the approval of the Croatian court became final*); *see also In re Nexgenesis Holdings Ltda.*, 662 B.R. 406, 419 (Bankr. S.D. Fla. 2024) (declining to grant comity to nonfinal *ex parte* order).

Finally, even though "[a] petition for recognition of a foreign proceeding shall be decided upon at the earliest possible time," 11 U.S.C. § 1517, the Court has the authority to continue the Chapter 15 hearing pending and further development of the record, including receipt of additional evidence and/or an evidentiary hearing. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. . . ."); *cf. In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 192–94 (Bankr. S.D.N.Y. 2017) (summarizing "trial" on motion for recognition held across four days featuring "testimony from four witnesses" and noting "recognition is not a rubber stamp exercise" (citation modified)); *In re Pro-Fit Holdings Ltd.*, 391 B.R. 850, 858 (Bankr. C.D. Cal.

2008) (acknowledging authority to grant relief between time motion for recognition is filed and court's ruling on recognition); *In re Gandi Innovations Holding, LLC*, No. 09-51782, 2009 WL 2916910, at *1 (Bankr. W.D. Tex. May 22, 2009) (granting joint motion to continue hearing on recognition).

## II. The Court should deny the Petition because recognition would violate basic public policies of the United States.

Even where a foreign representative otherwise satisfies the requirements under Chapter 15, the bankruptcy court may deny recognition where the requested relief contravenes U.S. public policy. *See* 11 U.S.C. § 1506. The public policy exception under Section 1506 applies, among other circumstances, "where the procedural fairness of the foreign proceeding is in doubt[.]" *In re Nexgenesis Holdings Ltda.*, 662 B.R. at 419 (quoting *In re Qimonda AG Bankr. Litig.*, 433 B.R. 547, 570 (E.D. Va. 2010)).



**III. The Court should deny the Petition because the Liquidator failed to carry his burden of proof under Section 1517.**

The Liquidator failed to carry his burden of showing that the extrajudicial liquidation at issue in this case meets the definition of "foreign proceeding" under Chapter 15. Recognition under Chapter 15 "is not a 'rubber stamp exercise,' and the burden rests on the foreign representative to prove each of the requirements of Section 1517." *In re Oi Brasil*, 578 B.R. at 194 (quoting *In re Creative Fin., Ltd. (In Liquidation)*, 543 B.R. 498, 514 (Bankr. S.D.N.Y. 2016) (citation modified)).

The Liquidator summarily declares that his decisions "are ultimately subject to judicial review by the local State Court due to the principle of inevitability of jurisdiction as provided for in Article 5, XXXV of the Constitution of the Federal Republic of Brazil and Article 3 of the Brazilian Code of Civil Procedure." (DE 2-1 ¶ 17.) The Liquidator does not specify which decisions are subject to judicial review, or specifically how the assets and affairs of the debtor are subject to judicial review. (*See* DE 2 at 4.) Nor does the Liquidator explain what the mechanism is that triggers that judicial review.

Simply stating that his decisions are ultimately subject to review by the local state court does not satisfy the Liquidator's burden to demonstrate he has identified the relevant "foreign court" or "foreign proceeding" under Sections 101(23), 1502, and 1517. For example, it is unclear whether the Liquidator, having been appointed by the Central Bank, is still "subject to control or supervision by" the Central Bank, rendering the Central Bank the "foreign court" under Section 101(23), or instead whether the Liquidator is now "subject to control or supervision by" the local state court. In other words, the Petition does not clearly plead that the Central Bank is controlling or supervising the Liquidation Proceeding or instead that the requisite supervision is in the form

of "judicial review" applying both to acts of the Liquidator and the Central Bank. For this reason alone, the Court should deny the Petition.

**IV. The Court should deny discretionary relief under Section 1521.**

Even if the Court grants recognition, the Liquidator has not demonstrated he is entitled to the sweeping discretionary relief he seeks. The Court may grant discretionary relief under Section 1521 "***only if*** the interests of the creditors and other interested entities, including the debtor, are sufficiently protected." 11 U.S.C. § 1522(a) (emphasis added); *In re Toft*, 453 B.R. 186, 196 (Bankr. S.D.N.Y. 2011) (quoting 11 U.S.C. § 1522(a)). Courts have construed Section 1522 to require a balance of the potentially competing interests among the parties to a foreign proceeding. *See id.* at 196 n.11 (citing *In re Tri-Continental Exchange Ltd.*, 349 B.R. 627, 637 (Bankr. E.D. Cal. 2006)). Moreover, the grant of additional, discretionary relief under Chapter 15 is largely dependent upon principles of comity. *See In re Atlas Shipping A/S*, 404 B.R. 726, 738 (Bankr. S.D.N.Y. 2009) ("relief [post-recognition] is largely discretionary and turns on subjective factors that embody principles of comity" (alteration in original) (quoting *In re Bear Stearns High–Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 333 (S.D.N.Y. 2008))).

Granting discretionary relief in this case would contravene principles of comity, [redacted] Yet, the Liquidator seeks the power to administer or realize all the Debtors' assets within the territorial jurisdiction of the United States and to distribute all or part of the assets of the Debtors located within the United States. (DE 2 at 6–7.) The exercise of these powers could irreversibly and adversely affect Banco Master's assets within the United

States. [REDACTED] the Court should deny discretionary relief under Section 1521.

**CONCLUSION**

For the foregoing reasons, the Court should deny the Petition, or in the alternative, continue the hearing on recognition.

Dated: January 5, 2026

Respectfully submitted,

KING & RUIZ LLP

By: */s/ Gabriela M. Ruiz*
Gabriela M. Ruiz
Florida Bar No. 46844
gruiz@kingruiz.com
Mallorie Thomas
Florida Bar No. 1040370
mthomas@kingruiz.com
2 S. Biscayne Blvd.
Suite 3200
Miami, Florida 33131
Tel.: (305) 395-4984

*Attorneys for Daniel Vorcaro*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 5, 2026, a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) to all parties on the Court's Service List.

/s/ *Gabriela M. Ruiz*
Gabriela M. Ruiz