UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

BANCO MASTER S.A., BANCO                    Case No.: 25-24568-SMG
LETSBANK S.A., BANCO MASTER DE
INVESTIMENTO S.A., and MASTER S/A            Chapter 15
CORRETORA DE CÂMBIO, TÍTULOS  E
VALORES MOBILIÁRIOS,

      Debtor in a Foreign Proceeding

_____/

EFB REGIMES ESPECIAIS DE EMPRESAS LTDA.
Foreign Representative of the extrajudicial liquidation of
the Debtors,

      Plaintiff,

v.                                          Adv. Case No. _____

SOZO REAL ESTATE INC., HENRIQUE M.
VORCARO, and NATALIA VORCARO ZETTEL,

      Defendants.

_____/

## **COMPLAINT**

      EFB Regimes Especiais de Empresas Ltda., represented by Sebastião Marcio Monteiro, in

its capacity as extrajudicial liquidator  (the "<u>Liquidator</u>")[1] of  Banco Master S.A., Banco LetsBank

---

[1]    Mr. Monteiro has temporarily substituted Mr. Eduardo Felix Bianchini as the Liquidator's authorized
representative through March 6, 2026 while Mr. Bianchini is on a brief leave to undergo a health treatment. *See In re
Banco Master, et al.*, No. 25-24568-SMG (Bankr. S.D. Fla. Feb. 27, 2026), *Notice of Filing Subsequent Information
Pursuant to 11 U.S.C. § 1518* [DE 57].

S.A., Banco Master de Investimentos S.A., and Master S/A Corretora de Câmbio, Títulos e Valores Mobiliários (collectively, the "Debtors"), hereby sues Sozo Real Estate Inc. ("Sozo Inc."), Henrique M. Vorcaro ("Henrique Vorcaro"), and Natalia Vorcaro Zettel ("Natalia Vorcaro") (collectively, the "Defendants"), and alleges as follows:

### THE PARTIES

1.      Plaintiff EFB Regimes Especiais de Empresas Ltda. is a Brazilian company, acting in its capacity as extrajudicial liquidator of the Debtors.

2.      On January 8, 2026, the Court entered an Order granting recognition of the Debtors' liquidation proceeding pending before the Central Bank of Brazil (Banco Central do Brasil) ("BACEN") under proceeding number 285696 (the "Brazilian Insolvency Proceeding") and acknowledging the Liquidator as the foreign representative under 11 U.S.C. §§ 1515 and 157 (the "Recognition Order"). *In re Banco Master et al.*, Case No.: 25-24568 (Bankr. S.D. Fla. Jan. 8, 2026), ECF No. 23. The Recognition Order empowers the Liquidator with the full administration and realization of all or part of the Debtors' assets within the territorial jurisdiction of the United States. *Id.*

3.      Defendant Sozo Inc. is a corporation organized and existing under the laws of the state of Florida, which has its principal place of business in Miami, Florida.

4.      Defendant Henrique Vorcaro, an individual, is sui juris, a Brazilian national and, upon information belief, the ultimate beneficial owner of Sozo Inc. Henrique Vorcaro has acted as Sozo Inc's President and Director since its formation.

5.      Defendant Natalia Vorcaro, an individual, is sui juris, a Brazilian national and, upon information and belief, the ultimate beneficial owner of Sozo Inc. Natalia Vorcaro has acted as Sozo Inc.'s Vice President since its formation.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H) and (O).

7.      In the alternative, this matter is a related proceeding under 28 U.S.C. § 157(c)(1).

8.      Venue is proper in this district under 28 U.S.C. § 1409.

9.      The Court has general personal jurisdiction over Defendant Sozo Inc. pursuant to Fla. Stat. § 48.193(2), because it is incorporated in and headquartered in Florida and engages in substantial and not isolated activity in the state.

10.     The Court has personal jurisdiction over Defendant Henrique Vorcaro pursuant to section 48.193(1)(a) because this action arises from his and/or his agents' operation of Sozo Inc. in Florida, and his committing of tortious acts within this state.

11.     The Court has personal jurisdiction over Defendant Natalia Vorcaro pursuant to section 48.193(1)(a) because this action arises from her and/or her agents' operation of Sozo Inc. in Florida, and her committing of tortious acts within this state.

12.     All conditions precedent to bringing the claims alleged herein have been satisfied or waived.

## FACTS

***The Debtors' Liquidations***

13.     The Debtors are financial institutions organized under the laws of Brazil. Banco Master began operations in 1974, under the name Banco Maxima.

14.     During the 2010s, Banco Maxima experienced a prolonged period of financial distress. Investigations resulted in the disqualification of its former controllers and administrators,

3

who in 2018 transferred control of Banco Maxima to Daniel Bueno Vorcaro ("Daniel Vorcaro") to restructure and revitalize the bank. BACEN approved the transaction in 2019.

15.     Daniel Vorcaro is the President and majority shareholder of Banco Master.

16.     Daniel Vorcaro rebranded Banco Maxima as Banco Master in 2021, and implemented a restructuring plan to capitalize Banco Master through the issuance of Certificates of Deposit ("CDs") that offered above-market, inflated returns. Initially, this strategy seemed very successful, leading to record growth by Banco Master in 2023 and 2024.

17.     In 2025, investigations into Banco Master by BACEN revealed irregularities as to the use of the funds raised from the issuance of CDs and the funds deposited by the bank's account holders, including questions as to the destination of such funds. These investigations led to the conclusion that at least part of the funds invested through the issuance of the CDs and funds deposited by account holders had been illicitly dissipated.

18.     BACEN's investigations led to (i) the entry of the orders placing Banco Master and the other Debtors in an extrajudicial liquidation, and (ii) the entry of the Freeze Orders (as defined below) as to Daniel Vorcaro and other shareholders, administrators, and executives of Banco Master and its affiliates.

19.      On November 18, 2025, BACEN ordered the extrajudicial liquidation of the Debtors and appointed the Liquidator to serve as the extrajudicial liquidator of the Debtors pursuant to Ato do Presidente Nos. 1.369, 1.371, 1.372, and 1.373.

20.     In connection with the Brazilian Insolvency Proceeding, BACEN entered orders No. 44.234, No. 44.236, No. 44.237, and No. 44.238 as to each of the Debtors (collectively, the "Freeze Orders") to freeze and/or prohibit certain of the Debtors' former shareholders, executives,

and administrators, as more specifically listed below (collectively, the "<u>Asset Freeze Parties</u>"), from selling and/or disposing of their assets:

      a.  Daniel Vorcaro

      b.  Reinaldo Hossepian Salles Lima

      c.  Jose Ricardo de Queiroz Pereira

      d.  133 Investimentos e Participações Ltda.

      e.  Vinicius da Silva Pinto

      f.  Armando Miguel Gallo Neto

      g.  Flavio Jose Pagan Rivaroli

      h.  Master Holding Financeira, S.A.

      i.  Mauricio Antonio Quadrado

      j.  Felipe Wallace Simonsen

      k.  Renata Leme Borges dos Santos

      l.  Angelo Antonio Ribeiro da Silva

      m.  Roberto Musto

      n.  Luiz Antonio Bull

      o.  Viviane Aparecida Rodrigues Afonso

      p.  JK 031 Empreendimentos e Participações, S.A.

***The Chapter 15 Case***

21.    On December 10, 2025, the Liquidator filed a Petition for recognition of the Debtors' Brazilian Liquidation as a foreign main proceeding under Chapter 15 of the United States Bankruptcy Code, 11 U.S.C. § 1501 *et seq. In re Banco Master, et al.*, No. 25-24568-SMG (Bankr. S.D. Fla. Dec. 10, 2025), ECF Nos. 1-2.

5

22.     On January 8, 2026, the Court entered the Recognition Order granting recognition of the Debtors' Brazilian Liquidation as a foreign main proceeding and acknowledging the Liquidator as the "foreign representative." *Id.*, ECF No. 23.

23.     Among other things, the Recognition Order entrusted the Liquidator with the full administration and realization of all or part of the Debtors' estates and assets within the territorial jurisdiction of the United States. *Id.*, ECF No. 23.

***The Scheme to Defraud the Debtors***

24.     The Liquidator's investigations have revealed that Daniel Vorcaro, President and majority shareholder of Banco Master, along with numerous business partners, family members, and certain of the Debtors' former executives and administrators engaged in a series of fraudulent schemes to misappropriate billions of Brazilian Reais (at least USD $ 1 billion) from the Debtors.

25.     Upon information and belief, Daniel Vorcaro's father and sister—*i.e.*, Defendants Henrique Vorcaro and Natalia Vorcaro, respectively—participated and conspired in at least three such schemes to defraud the Debtors, which were effectuated as more specifically set forth below.

***Daniel Vorcaro's Use of Investment Funds, and the Debtors' Wholly-Owned Companies and Investment Funds, to Effectuate the Fraudulent Scheme***

26.     Daniel Vorcaro and his co-conspirators employed a complex scheme to conceal the dissipation of billions of Brazilian Reais (over USD $ 1 billion) from the Debtors using Brazilian investment funds owned and/or controlled by the Debtors, Daniel Vorcaro, related third parties, and companies and offshore structures owned and/or controlled by Daniel Vorcaro and his co-conspirators.

27.     In one iteration of the fraudulent scheme, Mr. Vorcaro would cause Banco Master to use funds obtained from the bank's depositors and investors to (i) acquire assets with little or

SEQUOR LAW, P.A.

no value ("Junk Assets") from Brazilian investment funds owned by related parties and/or (ii) execute investments through funds or corporations that were jointly-owned by his related parties.

28.     The purpose of these transactions was to, among other things, (i) transfer the Debtors' assets for little or no value and (ii) conceal such transfers by disguising the dissipation of funds as the acquisition of "assets" that, in reality, had little or no value.

29.     As part of the foregoing fraud, Mr. Vorcaro caused Banco Master to directly or indirectly transfer approximately two billion Brazilian Reais (R$ 2 billion) (approx.. USD $ 358,200,000) to the Brazilian investment fund Astralo Fundo de Investimento Multimercado Credito Privado Investimento no Exterior (the "Astralo Fund") from 2021 to 2023.

30.     In 2023, Astralo Fund, through one of its funds, made contributions totaling nearly one and a half billion Brazilian Reais (R$ 1.5 billion) (approx. USD $300,600,000)[2] to Super Empreendimentos e Participações S.A. ("Super Empreendimentos"). Astralo Fund, also contributed approximately four hundred million Brazilian Reais (R$ 400,000,000.00) (approx. USD $80,160,000)[3] to  Moriah Asset Management.

31.     Notably, Super Empreendimentos and Moriah Asset Management is owned and/or controlled by Defendant Natalia Vorcaro's husband, Fabiano Zettel, and is known to have received numerous other transfers from funds owned by Banco Master.

32.     Upon information and belief, the foregoing transactions, which resulted in the transfer of almost two billion Brazilian Reais (R$ 1.9 billion) to entities owned and/or controlled by Defendant Natalia Vorcaro's husband, were effectuated for no real or reasonably equivalent

---

[2]     Based on the average conversion rate for the year of 2023 at 0.2004  Brazilian Real per 1.00 United States Dollar.
[3]     Based on the average conversion rate for the year of 2023 at 0.2004 Brazilian Real per 1.00 United States Dollar.

value, and solely in furtherance of a larger scheme orchestrated by the members of the Vorcaro family, including Mr. Vorcaro, his sister Natalia, and her husband, to defraud Banco Master and dissipate funds through the use of entities they controlled for their own use.

33.     Another fund employed by Daniel Vorcaro to dissipate assets from Banco Master was Brazilian investment fund Dublin Fundo de Investimentos em Direitos Creditorios Nao Padronizados (the "Dublin Fund"). Since at least 2022, the Dublin Fund received at least 495 million Brazilian Reais (approx. USD $94,037,625)[4] from Banco Master. In turn, the Dublin Fund transferred tens of millions of dollars to its quota holder, which the information reviewed to date indicates that it was solely Jaguar Investments Horizon LLC ("Jaguar Delaware"), a Delaware limited liability company, that has acted for the benefit of Daniel Vorcaro.

34.     Upon information and belief, the transactions to the Dublin Fund, were effectuated for no real or reasonably equivalent value, and solely in furtherance of a larger scheme orchestrated by Dainel Vorcaro, to defraud Banco Master and dissipate funds through the use of entities he controlled for his own use.

***Henrique Vorcaro and Natalia Vorcaro are Involved in and Benefitted from the Fraudulent Scheme***

35.     Henrique Vorcaro and Natalia Vorcaro were involved in and/or benefitted from various transactions intended to dissipate funds from Banco Master.

36.     Henrique Vorcaro is Daniel Vorcaro's father.

37.     Henrique Vorcaro was a shareholder of Banco Master.

38.     Natalia Vorcaro is Daniel Vorcaro's sister and Fabiano Zettel's wife.

---

[4]    Based on the average conversion rate for the years of 2022 through 2025 at 0.189975 Brazilian Real Per 1.00 United States Dollar.

39.     During 2020 and 2021, for example, Henrique Vorcaro used companies under his control— Promed Brasil Assistencia Médica Ltda. Promed – Assistencia Médica Ltda., Simetria Planos de Saude Eireli ("Simetria Planos"), and Affiance Life Administradora de Beneficios em Saude Ltda.—to enter into loan agreements (the "Healthcare Loans") with Banco Master totaling approximately a hundred million Brazilian Reais (R$ 100,000,000.00) (approx. US$ $19,110,000)[5].

40.     Upon information and belief, Henrique Vorcaro participated in the transactions on behalf of his companies.

41.     The loans matured in 2024 and 2025 but were never repaid, and the debt was: (i) partially transferred to strawmen companies to pay it; and (ii) later assigned by Banco Master to the Astralo Fund.

42.     Upon information and belief, Henrique Vorcaro did not intend to repay or cause his companies to repay the loans made by Banco Master.

43.     Upon information and belief, Henrique Vorcaro proceeded with the loan and did not intend to repay the loan.

44.     Upon information and belief, Promed Brasil Assistencia Médica Ltda. Promed – Assistencia Médica Ltda., Simetria Planos, and Affiance Life Administradora de Beneficios em Saude Ltda., are the alter egos of Henrique Vorcaro.

45.     Another example of Henrique Vorcaro's involvement in the fraudulent schemes against Banco Master is the sale of receivables by his company Simetria Planos to a fund owned by Banco Master. During 2021 and 2022, Simetria Planos entered into various agreements with

---

[5]     Based on the average conversion rate for the years of 2020 through 2021 at 0.1911 Brazilian Real Per 1.00 United States Dollar.

City Fundo de Investimentos em Direitos Creditorios Não Padronizados ("City Fundo"), a Brazilian fund wholly owned by Banco Master, for the sale of receivables totaling approximately R$ 250,000,000.00 (approx. US$ $47,775,000)[6] in receivables in exchange for payments totaling R$ 165,000,000.00 in return (approx. USD $31,531,500)[7]. This transaction is hereinafter referred to as the "Receivables Transactions".

46.    Upon information and belief, Henrique Vorcaro participated in the transaction.

47.    Upon information and belief, the receivables assigned by Simetria Planos to Banco Master were virtually worthless.

48.    Upon information and belief, Henrique Vorcaro was aware that the assigned receivables were virtually worthless.

49.    The receivables sold by Henrique Vorcaro's company were defaulted and thereafter assigned to third party.

50.    Another example of Henrique Vorcaro and Natalia Vorcaro involvement in the dissipation of assets from Banco Master is the transactions with their company Terra Santa Administradora de Cemitérios e Imóveis S.A. ("Terra Santa").

51.    Henrique Vorcaro and Natalia Vorcaro were the indirect controllers of Milo Investimentos S/A, which in turn owned and controlled Terra Santa.

52.    Terra Santa received capital contributions from two Brazilian funds controlled by Banco Master and/or Daniel Vorcaro. In 2017, Terra Santa received R$ 78,245,000.00 (Approx. USD $24,521,983)[8] from Care 11 Fundo de Investimento em Participacoes Multiestrategia and in

---

[6]    Based on the average conversion rate for the years of 2020 through 2021 at 0.1911 Brazilian Real Per 1.00 United States Dollar.
[7]    Based on the average conversion rate for the years of 2020 through 2021 at 0.1911 Brazilian Real Per 1.00 United States Dollar.
[8]    Based on the average conversion rate for the year 2017 at 0.3134 Brazilian Real Per 1.00 United States Dollar.

2019, Terra Santa received R$ 151,517,000.00 (approx. USD $38,482,318)[9] from the fund Brazilian Graveyard and Death Care Services Fundo de Investimento Imobiliario. The transfers to Terra Santa are hereinafter referred to the "Terra Santa Transfers".

53.    Upon information and belief, the capital transferred to Terra Santa from these funds originated from Banco Master, for which Banco Master received for no real or reasonable equivalent value.

54.    Upon information and belief, Milo Investimentos S/A and Terra Santa are the alter egos of Henrique Vorcaro and Natalia Vorcaro.

**The Purchase of the 9538 Property**

55.    Sozo Inc. was formed and incorporated as a Florida corporation on September 27, 2022.

56.    Sozo Inc. was incorporated by Erick Magno, who thereafter served as Sozo Inc.'s registered agent through MRA Admin LLC.

57.    Since Sozo Inc.'s incorporation, Henrique Vorcaro has served as Sozo Inc.'s President and Director.

58.    Since Sozo Inc.'s incorporation, Natalia Vorcaro has served as Sozo Inc.'s Vice President.

59.    Upon information and belief, Henrique Vorcaro and Natalia Vorcaro own a controlling interest in or are the beneficial owners of Sozo Inc.

---

[9]    Based on the average conversion rate for the year 2019 at 0.2540 Brazilian Real per 1.00 United States Dollar.

11

60.    On February 18, 2023, Sozo Inc. purchased the real property located at 9538 Blanche Cove Dr., Windermere, Florida 34786 (the "9538 Property") from DSF Real Estate for the sum of thirty-two million dollars (USD $32,000,000.00).

61.    In connection with the purchase of the 9538 Property, Sozo Inc. executed two mortgages encumbering the 9538 Property—one in favor of DSF Real Estate in the principal amount of fifteen million dollars (USD $15,000,000.00), and second in favor of Winter Park National Bank in the principal amount of eight million dollars (USD $8,000,000.00).

62.    The purchase price for the 9538 Property set a new record for a single family home in Central Florida.

63.    Upon information and belief, Sozo Inc. was used exclusively to hold the 9538 Property.

64.    Upon information and belief, Sozo Inc. was used by Henrique Vorcaro and Natalia Vorcaro to further the fraud by acquiring assets with funds dissipated from Banco Master.

65.    Upon information and belief, Sozo Inc. was used to conceal the beneficial ownership of Henrique Vorcaro and Natalia Vorcaro of the 9538 Property.

66.    Upon information and belief, Sozo Inc. is the alter ego of Henrique Vorcaro and Natalia Vorcaro.

***Efforts to Dispose of the 9538 Property***

67.    On February 5, 2026, the Liquidator issued Subpoenas for Rule 2004 Examinations to various entities connected to the Debtors and the Freeze Parties to investigate the Debtor's dealings, transactions, and potential assets acquired with the Debtors' assets. Among the entities subpoenaed were Sozo Inc., Erick Magno, Winter Park National Bank, and the closing agent for the purchase of the 9538 Property.

68. Upon information and belief, around the same period, Sozo Inc. began efforts to urgently close a sale of the 9538 Property to Chosen Vessel LLC, a Delaware limited liability company for the sale of the 9538 Property.

69. Despite the substantial value of the 9538 Property, upon information and belief, Sozo Inc. did not list the 9538 Property on the Multiple Listing Service (MLS), in order to avoid public disclosure and knowledge regarding their efforts to sell, and did not retain independent counsel to represent it in negotiating or documenting the sale.

## COUNT I
### CONSTRUCTIVE TRUST AND EQUITABLE LIEN
(Against all Defendants regarding 9538 Property)

70. Liquidator re-alleges and incorporates paragraphs 1 through 69 above as though set forth fully herein.

71. Henrique Vorcaro and Natalia Vorcaro obtained funds from Banco Master through fraud and other wrongful conduct, including through the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers.

72. Henrique Vorcaro and Natalia Vorcaro were unjustly enriched by obtaining funds diverted from Banco Master and used those funds to purchase the 9538 Property through Sozo Inc.

73. Since the funds used by Henrique Vorcaro and Natalia Vorcaro did not rightfully belong to them, and Henrique Vorcaro and Natalia Vorcaro used the funds to cause Sozo Inc. to purchase the 9538 Property, Sozo Inc. held the 9538 Property for the benefit of Banco Master and there was an implied promise that Sozo Inc. would return the 9538 Property to Banco Master.

74. Instead, the Defendants failed to return the 9538 Property.

75. The Defendants have been unjustly enriched by obtaining the funds used to purchase the 9538 Property, acquiring the 9538 Property, and continuing to own the 9538 Property.

13

76.     Banco Master has no adequate remedy at law.

77.     Upon information and belief, the 9538 Property constitutes identifiable proceeds of the misappropriated funds from Banco Master and is held by Defendants in constructive trust for Banco Master.

78.     A constructive trust on the 9538 Property is necessary so that Sozo Inc. will not dispose of the 9538 Property, which is due and owing to Banco Master.

79.     Alternatively, in view of the diversion of the funds from Banco Master by Henrique Vorcaro and Natalia Vorcaro, general considerations of right and justice demand that an equitable lien be placed on the 9538 Property.

WHEREFORE, Liquidator requests that the Court impose a constructive trust on the 9538 Property in favor of Banco Master, or in the alternative, an equitable lien on the 9538 Property in favor of Liquidator on behalf of Banco Master. Liquidator further requests any other and further relief that the Court deems just and proper.

<u>**COUNT II**</u>

**ACTION TO DECLARE ABSOLUTE NULLITY OF A TRANSACTION UNDER ARTICLE 166 OF THE BRAZILIAN CIVIL CODE**
(Against Henrique Vorcaro and Natalia Vorcaro)

80.     Liquidator re-alleges and incorporates paragraphs 1 through 69 above as though set forth fully herein.

81.     This is a claim under Article 166 of the Brazilian Civil Code.

82.     Under Article 166 of the Brazilian Civil Code, a transaction is null and void if, among other things, its object is illicit, impossible, or indeterminable; the parties had unlawful motives; the transaction was not performed in the form prescribed by law; or the transaction's purpose evades a mandatory law.

SEQUOR LAW, P.A.

83.     The purpose of the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers are null and void as these transactions are illicit as they are aimed at dissipating the assets of Banco Master to Henrique Vorcaro and Natalia Vorcaro in exchange for virtually no consideration.

84.     Further, the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers are null and void because Henrique Vorcaro and Natalia Vorcaro had unlawful motives in entering into those transaction through their companies. Henrique Vorcaro and Natalia Vorcaro, sought to enrich themselves at the expense of Banco Master and used their companies as vehicles to enter into transactions whereby they received valuable consideration from Banco Master, while giving virtually nothing in return.

85.     Because the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers are null and void under Article 166 of the Brazilian Civil Code, the Court shall revert the parties to their status prior to the entry into these agreements.

WHEREFORE, Liquidator requests that the Court enter judgment in its favor and against Defendants order for rescission of the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers, and ordering the Defendants to return to Banco Master the funds transferred to Henrique Vorcaro and Natalia Vorcaro through their companies.

## COUNT III

### ACTION TO DECLARE VOID TRANSACTIONS
### UNDER ARTICLE 167 OF THE BRAZILIAN CIVIL CODE
(Against Henrique Vorcaro and Natalia Vorcaro)

86.     Liquidator re-alleges and incorporates paragraphs 1 through 69 above as though set forth fully herein.

87.     This is a claim under Article 167 of the Brazilian Civil Code.

15

88.     Under Article 167 of the Brazilian Civil Code, a transaction is null and void as a sham transaction if, among other things, the transaction appears to confer or transmit rights to persons other than those to whom those rights are really conferred; the contract contains a statement, condition, or clause that is not true; or the contract is not dated as of the actual date of execution.

89.     The Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers, are null and void. First, these agreements sought to benefit only Henrique Vorcaro and Natalia Vorcaro, not Banco Master, as the agreements were entered into to facilitate the misappropriation of Banco Master's assets.  Second, these agreements contained false statements, conditions and clauses, as there was no intent by Henrique Vorcaro and Natalia Vorcaro to abide, or cause their companies to abide, by the terms of the agreements.

WHEREFORE, Liquidator requests that the Court enter judgment in its favor and against Defendants order for rescission of the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers, and ordering the Defendants to return to Banco Master the funds transferred to Henrique Vorcaro and Natalia Vorcaro through their companies.

## <u>COUNT IV</u>

**CLAWBACK UNDER ARTICLE 130 OF THE BRAZILIAN BANKRUPTCY AND JUDICIAL REORGANIZATION LAW AND ARTICLE 34 OF LAW 6024**
(Against all Defendants)

90.     Liquidator re-alleges and incorporates paragraphs 1 through 69 above as though set forth fully herein.

91.     This is a claim under Articles 130 and 133 of the Brazilian Bankruptcy and Judicial Reorganization Law ("<u>BBJRL</u>") and article 34 of Law 6024.

16

92.     Article 130 of the BBJRL provides that the acts committed with intent to harm creditors are revocable, once the fraudulent collusion between the debtor and the third party with the actual damages suffered by the bankrupt estate is proven.

93.     Article 133 of the BBJRL provides that the revocatory claim referred on Art. 130 can be filed against all who participated in the act or that received payments, collateral or beneficiated from the act committed with intent to defraud creditors.

94.     Article 34 of Law 6024 provides that the provisions of the BBJRL shall apply to extrajudicial liquidation, such as the Debtors' Brazilian Insolvency Proceedings, and for such purpose, the liquidator shall be deemed the equivalent to the judicial administrator.

95.     Banco Master, through its former President and majority shareholder Daniel Vorcaro, diverted funds from Banco Master to companies that were alter egos of Henrique Vorcaro and Natalia Vorcaro.

96.     The funds transferred to these companies for the benefit of Henrique Vorcaro and Natalia Vorcaro totaled no less than R$ 494,762,000.00 (approx.. USD $113,645,801).

97.     The diverted funds were used by Henrique Vorcaro and Natalia Vorcaro to, among other things, transfer funds to Sozo Inc. for the purchase of the 9538 Property or to fund the purchase of the 9538 Property by Sozo Inc.

98.     The diversion of Banco Master's funds caused harm to the creditors of Banco Master. These creditors continue to be harmed by the transfers and Sozo Inc.'s continued ownership of the 9538 Property.

WHEREFORE, Liquidator requests that the Court enter judgment in its favor and against Defendants, (i) setting aside the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers, (ii) disregarding the transfers to and ordering the Defendants to return to Banco

17

Master the funds transferred to the companies of Henrique Vorcaro and Natalia Vorcaro and to Sozo Inc., (iii) attach or levy execution upon the 9538 Property, (iv) restrain Sozo Inc. from disposing the 9538 Property, and (v) requesting any other and further relief the Court deems just and proper.

## COUNT V

### FRAUDULENT TRANSFER UNDER FLA. STAT. § 726.105(1)(A)
(Against all Defendants)

99.     Liquidator re-alleges and incorporates paragraphs 1 through 69 above as though set forth fully herein.

100.    Banco Master, through its former President and majority shareholder, Daniel Vorcaro, diverted funds from Banco Master to companies that were alter egos of Henrique Vorcaro and Natalia Vorcaro.

101.    Specifically, through the Healthcare Loans, Banco Master transferred to Promed Brasil Assistencia Médica Ltda. Promed – Assistencia Médica Ltda., Simetria Planos, and Affiance Life Administradora de Beneficios em Saude Ltda., approximately a hundred million Brazilian Reais (R$ 100,000,000.00) (approx. USD $19,110,000)[10].

102.    Banco Mater did not receive reasonable equivalent value in return; in fact, the loans were never repaid. Upon information and belief, there was no intent for the loans to be repaid.

103.    Promed Brasil Assistencia Médica Ltda. Promed – Assistencia Médica Ltda., Simetria Planos, and Affiance Life Administradora de Beneficios em Saude Ltda., are alter egos of Henrique Vorcaro.

---

[10]    Based on the average conversion rate for the years of 2020 through 2021 at 0.1911 Brazilian Real Per 1.00 United States Dollar.

18

104.     Upon information and belief, Daniel Vorcaro, as President and majority shareholder of Banco Master, was aware of and approved of the Healthcare Loans.

105.     Through the Receivables Transactions, an investment fund owned by Banco Master, and under the control of Daniel Vorcaro, transferred during 2021 and 2022, approximately R\$ 165,000,000.00 (approx. USD \$31,325,250)[11] to Simetria Planos, an alter ego of Henrique Vorcaro.

106.     Banco Mater did not receive reasonable equivalent value in return; in fact, the receivables purchased had little or no value. Upon information and belief, there was no intent for the purchased receivables to be collected.

107.     Upon information and belief, Daniel Vorcaro, as President and majority shareholder of Banco Master, was aware of and approved of the Receivables Transactions.

108.     Through the Terra Santa Transfers, Banco Master transferred through two Brazilian investment funds owned by Banco Master and controlled by Daniel Vorcaro, in 2017 and 2019, respectively, the sum of R\$229,762,000.00 (approx. USD \$64,486,534)[12].

109.     Banco Mater did not receive reasonable equivalent value in return for the transfers to Terra Santa.

110.     Terra Santa is the alter ego of Henrique Vorcaro and Natalia Vorcaro.

111.     Upon information and belief, Daniel Vorcaro, as President and majority shareholder of Banco Master, was aware of and approved of the Terra Santa Transfers.

---

[11]    Based on the average conversion rate for the years of 2021 through 2022 at 0.18985 Brazilian Real per 1.00 United States Dollar.

[12]    Based on the average conversion rate for the years of 2017 through 2019  at 0.280666 Brazilian Real per 1.00 United States Dollar.

112. The funds transferred to the above companies were transferred for the benefit of Henrique Vorcaro and Natalia Vorcaro.

113. The transfers were made at the direction of Daniel Vorcaro and/or on his behalf with the intent to hinder, delay, or defraud the creditors of Banco Master.

114. Upon information and belief, Henrique Vorcaro and Natalia Vorcaro are insiders of Banco Master.

115. Upon information and belief, part of the diverted funds transferred under the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers, were thereafter transferred by Henrique Vorcaro and Natalia Vorcaro to Sozo Inc. or transferred to directly purchase of the 9538 Property on behalf of Sozo Inc.

116. The diversion of Banco Master's funds caused harm to the creditors of Banco Master. These creditors continue to be harmed by the transfers and Sozo Inc.'s continued ownership of the 9538 Property.

117. At the time the above transfers occurred, Banco Master was insolvent.

118. The transfers made above on account of the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers, were made with the intent to remove and conceal Banco Master's assets.

WHEREFORE, Liquidator requests that the Court enter judgment in its favor and against Defendants, (i) setting aside the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers, (ii) disregarding the transfers to and ordering the Defendants to return to Banco Master the funds transferred to the companies of Henrique Vorcaro and Natalia Vorcaro and to Sozo Inc., (iii) attach or levy execution upon the 9538 Property, (iv) restrain Sozo Inc. from

disposing the 9538 Property, and (v) requesting any other and further relief the Court deems just and proper.

## COUNT VI

### FRAUDULENT TRANSFER UNDER FLA. STAT. § 726.105(1)(B)
(Against all Defendants)

119.    Liquidator re-alleges and incorporates paragraphs 1 through 69 above as though set forth fully herein.

120.    Banco Master, through its former President and majority shareholder, Daniel Vorcaro, diverted funds from Banco Master to companies that were alter egos of Henrique Vorcaro and Natalia Vorcaro.

121.    Specifically, through the Healthcare Loans, Banco Master transferred to Promed Brasil Assistencia Médica Ltda. Promed – Assistencia Médica Ltda.,   Simetria Planos, and Affiance Life Administradora de Beneficios em Saude Ltda., approximately a hundred million Brazilian Reais (R$ 100,000,000.00) (approx. USD $19,110,000)[13]..

122.    Banco Mater did not receive reasonable equivalent value in return; in fact, the assets had little to not value.

123.    Promed Brasil Assistencia Médica Ltda. Promed – Assistencia Médica Ltda., Simetria Planos, and Affiance Life Administradora de Beneficios em Saude Ltda., are alter egos of Henrique Vorcaro.

---

[13]    Based on the average conversion rate for the years of 2020 through 2021 at 0.1911 Brazilian Real Per 1.00 United States Dollar.

SEQUOR LAW, P.A.

124.    Through the Receivables Transactions, an investment fund owned by Banco Master, and under the control of Daniel Vorcaro, transferred during 2021 and 2022, approximately R\$ 165,000,000.00  (approx. USD \$31,325,250)[14] to Simetria Planos.

125.    Banco Mater did not receive reasonable equivalent value in return; in fact, the receivables purchased had little to no value.

126.    Through the Terra Santa Transfers, Banco Master transferred through two Brazilian investment funds owned by Banco Master and controlled by Daniel Vorcaro, in 2017 and 2019, respectively, the sum of R\$229,762,000.00 (approx.. USD \$64,486,534)[15].

127.    Banco Mater did not receive reasonable equivalent value in return for the transfers to Terra Santa.

128.    Terra Santa is the alter ego of Henrique Vorcaro and Natalia Vorcaro.

129.    Upon information and belief, part of the diverted funds transferred under the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers, were thereafter transferred by Henrique Vorcaro and Natalia Vorcaro to Sozo Inc. or transferred to directly purchase of the 9538 Property on behalf of Sozo Inc.

130.    At the time the above transfers occurred, Banco Master was insolvent.

WHEREFORE, Liquidator requests that the Court enter judgment in its favor and against Defendants, (i) setting aside the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers, (ii) disregarding the transfers to and ordering the Defendants to return to Banco Master the funds transferred to the companies of Henrique Vorcaro and Natalia Vorcaro and to

---

[14]    Based on the average conversion rate for the years of 2020 through 2021 at 0.1911 Brazilian Real Per 1.00 United States Dollar.
[15]    Based on the average conversion rate for the years of 2017 through 2019  at 0.280666 Brazilian Real per 1.00 United States Dollar.

SEQUOR LAW, P.A.

Sozo Inc., (iii) attach or levy execution upon the 9538 Property, (iv) restrain Sozo Inc. from disposing the 9538 Property, and (v) requesting any other and further relief the Court deems just and proper.

**COUNT VII**

**COMPENSATION FOR DAMAGES CAUSED BY ILLICIT ACTS
UNDER BRAZILIAN LAW**
(Against all Defendants)

131.    Liquidator re-alleges and incorporates paragraphs 1 through 69 above as though set forth fully herein.

132.    This is a claim under Articles 186, 187 and 927 of the Brazilian Civil Code.

133.    Article 186 of the Brazilian Civil Code imposes liability where a defendant undertook an illicit act either negligently or with the intention to cause damage (i.e., willful misconduct), that violates the plaintiff's rights, causing damage. Article 187 of the Brazilian Civil Code extends liability to the holder of a right who, in exercising it, clearly exceeds the limits imposed by its economic or social purpose, good faith, or good customs. Article 927 of the Brazilian Civil Code states that a party whose illicit acts damage others is obliged to pay damages.

134.    Henrique Vorcaro and Natalia Vorcaro, through entities under their control, entered into the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers, even though Banco Master obtained no economic benefit in these transactions.

135.    By directing their companies to enter into the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers, Henrique Vorcaro and Natalia Vorcaro exceeded the limits imposed by the economic and social purposes of the rights they held as to their companies.

136.    Henrique Vorcaro and Natalia Vorcaro acted with the intent to dissipate funds from Banco Master, causing significant damage to the bank for their own benefit.

23

137.    As a result of the foregoing, Banco Master was damaged in an amount of no less than R$ 494,762,000.00 (approx.. USD $113,645,801).

WHEREFORE, Liquidator requests that the Court enter judgment in its favor and against Defendants for monetary damages sufficient to compensate Banco Master for the injuries resulting from Defendants' illicit acts in violation of Brazilian law as alleged herein, pre- and post- judgment interest, attorney's fees and costs if appropriate, and any further and other relief that the Court deems just and proper.

## <u>COUNT VIII</u>
**AIDING AND ABETTING BREACH OF FIDUCIARY DUTY**
(Against all Henrique Vorcaro and Natalia Vorcaro)

138.    Liquidator re-alleges and incorporates paragraphs 1 through 69 above as though set forth fully herein.

139.    Articles 153, 154 and 156 of Brazilian Corporate Law establish that officers and directors are liable for damages caused upon the company when the officer and/or director breaches the duty of care, loyalty, and acts in a manner that creates a conflict of interest.

140.    Daniel Vorcaro breached his duty of care, loyalty and to not act in conflict of interest, by carrying out a fraudulent scheme that resulted in the dissipation of billions of Brazilian Reais from the Debtors employing fraudulent schemes involving Brazilian investment funds under his control and companies owned by him and his co-conspirators.  Such scheme involved the diversion of the funds held by Banco Master from account holders and investors to (i) acquire Junk Assets from Brazilian investment funds owned and/or controlled by Daniel Vorcaro and his co-conspirators, and (ii) enter into investments through Brazilian investment funds or corporations owned and/or controlled by Daniel Vorcaro and his co-conspirators, including members of his family.

24

141.    For instance, Daniel Vorcaro and his co-conspirators employed Astralo to extract about two billion Brazilian Reais (R$2 billion) directly and indirectly from Banco Master through the sale of Junk Assets.  By the end of 2023, Astralo, through one of its funds, made several contributions to a company controlled by his brother-in-law, Super Empreendimentos, for no reasonable consideration in return. Astralo, also transferred approximately four hundred million Brazilian Reais to Moriah Asset Management,  another company controlled by Fabiano Zettel, for no reasonable consideration in return. Through these transfers, Daniel Vorcaro caused Banco Master to transfer its assets for virtually nothing in return, causing significant damage to Banco Master.

142.    In another scheme, through the Dublin Fund, Daniel Vorcaro directed the transfer of approximately five hundred million Brazilian Reais (R$ 500 million). Daniel Vorcaro directed these transfers despite being aware that Banco Master did received little to no value in return. In turn, at least part of the funds extracted from the Dublin Fund were then transferred, upon information and belief, to various companies for the benefit of Daniel Vorcaro and related parties.

143.    Henrique Vorcaro and Natalia Vorcaro had actual knowledge of Daniel Vorcaro's breaches of fiduciary duty and rendered substantial assistance in carrying out those breaches by, among other things, participating in the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers, which extracted over R$ 494,762,000.00 (approx.. USD $113,645,801) for virtually no valuable consideration in return.

144.    Banco Master was damaged by the actions of Henrique Vorcaro and Natalia Vorcaro by entering into the Henrique Vorcaro and Natalia Vorcaro.

WHEREFORE, Liquidator requests that the Court enter judgment in its favor and against Defendants for monetary damages sufficient to compensate Banco Master for the injuries resulting

from Defendants' illicit acts in violation of Brazilian law as alleged herein, pre- and post- judgment interest, attorney's fees and costs if appropriate, and any further and other relief that the Court deems just and proper.

## COUNT IX

### CONSPIRACY
(Against all Defendants)

145.    Liquidator re-alleges and incorporates paragraphs 1 through 69 above as though set forth fully herein.

146.    During the period from at least 2019 to the present, Henrique Vorcaro, Natalia Vorcaro, and Daniel Vorcaro, as well as others, knowingly and willfully conspired and agreed among themselves and other to dissipate Banco Master's assets and breach fiduciary duties owed by Daniel Vorcaro to Banco Master by causing Promed Brasil Assistencia Médica Ltda. Promed – Assistencia Médica Ltda., Simetria Planos, and Affiance Life Administradora de Beneficios em Saude Ltda., and Terra Santa, to extract over R$ 494,762,000.00 (approx.. USD $113,645,801)from Banco Master by entering into the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers.

147.    The objective of the conspiracy was for Henrique Vorcaro, Natalia Vorcaro, and Daniel Vorcaro, to extract value from Banco Master, thereby breach Daniel Vorcaro's duties owed to Banco Master.

148.    Banco Master was damaged by the actions of Henrique Vorcaro and Natalia Vorcaro by engaging in the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers, for which Banco Master received virtually nothing in return.

WHEREFORE, Liquidator requests that the Court enter judgment in its favor and against Defendants for monetary damages sufficient to compensate Banco Master for the injuries resulting

SEQUOR LAW, P.A.

from Defendants' illicit acts in violation of Brazilian law as alleged herein, pre- and post- judgment interest, attorney's fees and costs if appropriate, and any further and other relief that the Court deems just and proper.

### COUNT IX

### UNJUST ENRICHMENT UNDER ARTICLE 884 OF THE BRAZILIAN CIVIL CODE
(Against all Defendants)

149.    Liquidator re-alleges and incorporates paragraphs 1 through 69 above as though set forth fully herein.

150.    This is a claim under Article 884 of the Brazilian Civil Code.

151.    Under Article 884 and its Sole Paragraph of the Brazilian Civil Code, a person who, without cause, unjustly enriches himself to the detriment of another must compensate the aggrieved party for all damages sustained by the aggrieved party in addition to all costs, fees and interest.

152.    Defendants were unjustly enriched as a result of the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers.

153.    The Defendants' companies received the proceeds of the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers, which totaled no less than R$ 494,762,000.00 (approx.. USD $113,645,801).

154.    The Defendants benefited themselves at the expense of and to the detriment of Banco Master, which transferred the funds to Defendants.

155.    As a direct result of Defendants' unjust enrichment, Banco Master and its creditors have been prejudiced in an amount of no less than R$ 494,762,000.00 (approx.. USD $113,645,801).

WHEREFORE, Liquidator requests that the Court enter judgment in its favor and against Defendants for compensatory damages equal to the value of the benefit unjustly conferred upon the Defendants as alleged herein, pre- and post- judgment interest, attorney's fees and costs if appropriate, and any further and other relief that the Court deems just and proper.

## COUNT X
### UNJUST ENRICHMENT UNDER FLORIDA LAW
(Against all Defendants)

156.    Liquidator re-alleges and incorporates paragraphs 1 through 69 above as though set forth fully herein.

157.    Henrique Vorcaro and Natalia Vorcaro, through their alter ego companies, received the proceeds of the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers, which totaled no less than R$ 494,762,000.00 (approx.. USD $113,645,801). In exchange for these transfers, Henrique Vorcaro and Natalia Vorcaro (as well as Terra Santa) provided little to no value to Banco Master.

158.    By receiving hundreds of millions of Brazilian Reais from Banco Master for virtually worthless assets in return, Henrique Vorcaro and Natalia Vorcaro, were enriched at the expense of Banco Master.

159.    Upon information and belief, Henrique Vorcaro and Natalia Vorcaro, funds received by Henrique Vorcaro and Natalia Vorcaro were subsequently transferred to or contributed to Sozo Inc., which were used by Sozo Inc. to purchase the 9538 Property. Alternatively, Henrique Vorcaro and Natalia Vorcaro funded the purchase of the 9538 Property by Sozo Inc.

160.    The benefit conferred upon Defendants is at the expense of Banco Master and to its determine, in that Banco Master has been deprived of the possession and use of its funds to which it is entitled.

SEQUOR LAW, P.A.

161.    By accepting the funds derived from Healthcare Loans, the Receivables Transactions, and/or the Terra Santa Transfers, the Defendants were aware of the benefit conferred upon them and continue to retain that benefit under circumstances that make its retention inequitable.

162.    The Defendants knew or should have known that they had no entitlement to the benefit conferred upon them by Banco Master as a result of the Healthcare Loans, the Receivables Transactions, and the Terra Santa Transfers.

163.    The Defendants knew or should have known that the benefit they received was at the expense of Banco Master.

WHEREFORE, Liquidator requests that the Court enter judgment in its favor and against Defendants for compensatory damages equal to the value of the benefit unjustly conferred upon the Defendants as alleged herein, pre- and post- judgment interest, attorney's fees and costs if appropriate, and any further and other relief that the Court deems just and proper.

Dated: March 2, 2026

Respectfully submitted,
SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
edavis@sequorlaw.com
fmenendez@sequorlaw.com
jmendoza@sequorlaw.com
mhanlon@sequorlaw.com
Telephone:    (305) 372-8282
Facsimile:    (305) 372-8202

By:    /s/  Fernando J. Menendez
Edward H. Davis
Florida Bar No.: 704539
Fernando J. Menendez
Florida Bar No.: 18167
Juan J. Mendoza
Florida Bar No.: 113587
Michael D. Hanlon
Florida Bar No.: 1068478

29