**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:

BANCO MASTER, S.A., BANCO LETSBANK, S.A., BANCO MASTER DE INVESTIMENTOS, S.A., and MASTER S/A CORRETORA DE CÂMBIO, TÍTULOS E VALORES MOBILIÁRIOS,

      Debtors in a Foreign Proceeding.

Case No. 25-24568-SMG

Chapter 15

_____/

**THE BANK OF NEW YORK MELLON'S LIMITED JOINDER IN**
**DANIEL VORCARO'S MOTION FOR PROTECTIVE ORDER TO LIMIT OR**
**PROHIBIT RULE 2004 EXAMINATION SUBPOENAS DUCES TECUM**

The Bank of New York Mellon ("BNYM"), a non-party, joins on a limited basis in *Daniel Vorcaro's Motion for Protective Order to Limit or Prohibit Rule 2004 Examination Subpoenas Duces Tecum* [ECF No. 55] (the "Motion") filed by Daniel Vorcaro ("Vorcaro"), and requests that the Court grant the Motion to the extent that it relates to the *Notice of Rule 2004 Examination (Documents Only)* [ECF No. 53] (the "BNYM Subpoena") issued to BNYM by the extrajudicial liquidator (the "Liquidator") of the Debtors. In support, BNYM respectfully states as follows:

**BACKGROUND**

The Liquidator issued the BNYM Subpoena on February 13, 2026. The BNYM Subpoena requests that BNYM produce documents to the Liquidator at a Florida state address: Sequor Law, 1111 Brickell Ave., Suite 1250, Miami, FL 33131. *See* BNYM Subpoena at 1. BNYM is located in New York: 240 Greenwich Street, New York, NY, 10007. *See* BNYM Subpoena at 3.

The BNYM Subpoena requests production of documents and information related to a purported BNYM account holder identified as "Jaguar Investments Horizon LLC." *See* BNYM

Subpoena at 8.

Vorcaro filed the Motion on February 19, 2026, thereby staying any deadline to respond to the BNYM Subpoena pending resolution.  In the Motion, Vorcaro requests that this Court issue a protective order pursuant to 11 U.S.C. § 1521(a)(4), Federal Rules of Civil Procedure 26 and 45, as made applicable by Federal Rules of Bankruptcy Procedure 7026 and 9016, and Bankruptcy Rules 2004, 7026, and Local Rule 2004, to limit the scope of certain subpoenas, including the BNYM Subpoena.  *See* Motion at 1.  Additionally, the Motion asserts that the BNYM Subpoena is invalid for failure to satisfy the requirements of Civil Rule 45, because the BNYM Subpoena commands compliance over 100 miles from where the specified recipient is located.  *See id*.

In response [ECF No. 63], the Liquidator specifically objected to Vorcaro's standing to raise objections to the BNYM Subpoena.

On March 3, 2026, in order to preserve its objections under Civil Rule 45 and Bankruptcy Rule 9016, BNYM served upon the Liquidator *The Bank of New York Mellon's Responses and Objections to the Notice of Rule 2004 Examination (Documents Only) Served by The Liquidator*.

## LIMITED JOINDER TO THE RELIEF SOUGHT IN THE MOTION

BNYM files this Limited Joinder in an abundance of caution.  BNYM joins in Vorcaro's Motion on a limited basis and only in connection with the BNYM Subpoena.

BNYM agrees that the BNYM Subpoena violates the geographical limits of Civil Rule 45(c).  Civil Rule 45(c)(A) states that a subpoena may only "command . . . production of documents, electronically stored information, or tangible things at a place ***within 100 miles*** of where the person resides, is employed, or regularly transacts business in person." (emphasis added).  This limitation applies in the context of Rule 2004 document request subpoenas.  *See e.g. In re Larosa*, No. 8:24-BK-03038-RCT, 2025 WL 1024712, at *2 (Bankr. M.D. Fla. Apr. 4, 2025)

(in the Bankruptcy Rule 2004 context, subpoena to produce documents more than 100 miles away does not comply with Civil Rule 45, declining to compel non-party's compliance or sanction failure to produce the requested documents).  The BNYM Subpoena directs BNYM—for which the Liquidator lists an address located in New York, New York—to produce documents at a location in Miami, Florida, well over 100 miles away.

BNYM takes no position as to the relevance of the documents sought.

WHEREFORE, based on the foregoing, BNYM requests that the Court grant the Motion as it relates to BNYM, either (i) issuing a protective order prohibiting or limiting the scope of the BNYM Subpoena, or (ii) quashing the BNYM Subpoena for failure to adhere to the geographical requirements of Civil Rule 45, and (iii) granting related relief as appropriate.

Dated:  March 3, 2026                                    Respectfully submitted,

**REED SMITH LLP**

*By: /s/ Edward M. Mullins*
Edward M. Mullins (Bar No.: 863920)
Felipe Berer
200 South Biscayne Boulevard, Suite 2600
Southeast Financial Center
Miami, Florida 33131
Phone: 786-747-0203
Email: emullins@reedsmith.com
Email: fberer@reedsmith.com

*Attorneys for The Bank of New York Mellon*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronically via CM/ECF to all parties registered to receive such notice, on March 3, 2026.

Dated:  March 3, 2026                                    REED SMITH LLP

*By: /s/ Edward M. Mullins*
Edward M. Mullins
*Attorney for The Bank of New York Mellon*